[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant filed a motion for summary judgment (#111) that was heard and granted on September 5, 1995. The sole ground for granting the motion was the running of the statutory limitations set forth in § 45a-375 of the General Statutes. Thereafter, the plaintiff filed a motion for reconsideration which was granted and a hearing on the motion was held on October 10, 1995.
Counsel submitted memoranda of law and, after hearing argument, the court vacated its order of September 5, 1995, reversing its earlier finding that the statute had run. Notwithstanding that ruling, both counsel requested and were granted permission to file supplemental memoranda of law.
The supplemental memoranda of law reinforce the court's conclusion that summary judgment should not be granted in this instance. This is an action seeking collection on a note. At issue is whether a default occurred and, if so, the date of the default. The specific dates are crucial in determining when a CT Page 2489 cause of action arose pursuant to the terms of the guaranty.
When the defendant's motion was first heard, there was a lack of focus on a primary factual aspect which is determinative of whether the statute of limitations has, in fact, run. Subsequent case law presented to the court makes clear that a genuine issue of material fact is in dispute, thereby requiring that the trier of fact decide the dispute between the parties.
The order of October 10, 1995, vacating the order of September 5, 1995 entered in #111 is affirmed and the defendant's motion for summary judgment is denied.
BY THE COURT:
LEANDER C. GRAY, JUDGE